HOUSTON, Justice
(dissenting).
The issue of cost control for medical services by health care reform did not spring full grown, like Minerva from the head of Zeus, upon the administration of the oath of office to the 42d President of the United States. Acts of Alabama 1986, Act No. 86-471, which was approved by the Governor on April 29, 1986, is an example of attempted cost control of health care. Part of this Act is what now appears at Ala.Code 1975, § 27-21A-30(b):
“A health maintenance organization providing medical benefits or payments to an enrollee who suffers injury, disease, or illness by virtue of the negligent act or omission of a third party is entitled to reimbursement from such third party for the reasonable value of the benefits or payments provided.”
We are not dealing with the common law doctrine of equitable subrogation, as this Court was in International Underwriters/Brokers, Inc. v. Liao, 548 So.2d 163 (Ala.1989). We are not dealing with a contractually modified doctrine of subrogation, as this Court was in Powell v. Blue Cross & Blue Shield of Alabama, 581 So.2d 772 (Ala.1990). We are dealing with a duly enacted statute, which gives a health maintenance organization (“HMO”) a right to reimbursement for medical benefits provided to or payments made to a person enrolled with the HMO when those benefits or payments were made necessary by the negligent act or omission of a third party. The constitutionality of this statute has not been challenged.
*508 The majority is disingenuous in holding that Mobile Health Plan and Mobile Health Plan of Alabama, Inc., were not attempting to obtain reimbursement from a “third party.” On March 9, 1993, Mobile Health Plan, d/b/a Primehealth, and Mobile Health Plan of Alabama, Inc., d/b/a Primehealth of Alabama, sought to intervene in case number CV-91-2734 in the Circuit Court of Mobile County, Alabama, which, with the filing of the fourth amended complaint on February 5,1993, was styled:
“Maride Reneke, as Guardian on behalf of Kathleen Elizabeth Reneke, incompetent; Markie Reneke, individually; and Edward Reneke, individually,
Plaintiffs,
“vs.
“Mobile County, Alabama; Frederick Haidt and Associates Consulting Engineers, a corporation; the Estate of Frederick Haidt, Jr., deceased; James R. Payne, Inc., a corporation; James R. Payne, an individual; Joseph Ruffer, County Engineer for Mobile County; Joseph Ruffer, an individual ... [and fictitious defendants],
Defendants”
The motion to intervene was granted.
The August 13,1993, “Amendment to Final Judgment” shows that the trial court ordered that $263,607.46 be paid to Mobile Health Plan and Mobile Health Plan of Alabama, Inc., from sums paid into court by Mobile County, Alabama ($100,000), and James R. Payne, Inc., and James R. Payne ($2,000,-000), third party tort-feasors whose negligent acts or omissions were alleged to have caused injury to Kathleen Elizabeth Reneke. The court determined $263,607.46 to be the reasonable value of the benefits provided to Kathleen Elizabeth Reneke.
MADDOX, J., concurs.